**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

**FILED**
September 18, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: JW
DEPUTY

| | | |
|---|---|---|
| **MAYRA LOPEZ DE SOUVERBIELLE,** *Plaintiff,* | § | |
| v. | § | **Cause No. 3:26-cv-01327-KC** |
| **ANGEL EDIN PINTO, TRANSPORTES AGUILA DE CIUDAD JUAREZ, S.A. DE C.V., d/b/a TRANSPORTES AGUILA GLOBAL LOGISTICS, LLC, d/b/a TAGL FREIGHT SOLUTIONS, TAGL SOLUTIONS d/b/a TRANSPORTES AGUILA,** *Defendants.* | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B) -(C), Fed. R. Civ. P. 72(b), and Appendix C of the Local Rules of the United States District Court for the Western District of Texas (Local Rules for the Assignment of Duties to United States Magistrate Judges). Before the Court is Plaintiff Mayra Lopez De Souverbielle's Motion to Remand (ECF No. 4) ("Motion"). For the reasons below, the Court recommends Plaintiff's Motion be **DENIED** and Defendant Transportes Aguila Global Logistics, LLC, d/b/a TAGL Freight Solutions, TAGL Solutions, and Transportes Aguila ("TAGL") be **DISMISSED without Prejudice** as improperly joined. The Court additionally recommends Plaintiff's request to strike exhibit B-1 from the record as an untranslated foreign document be **GRANTED**.

## I. BACKGROUND

### A. Factual Background

This action arises from a September 3, 2025, collision involving Plaintiff's vehicle and a tractor-trailer driven by Defendant Angel Edin Pinto ("Pinto") in El Paso County, Texas. Plaintiff

alleges that she was driving eastbound on Gateway Boulevard when Pinto, who was operating a 2018 red Freightliner Cascadia 113, changed lanes unsafely and struck the driver's side of Plaintiff's vehicle.[1] Plaintiff alleges that Pinto admitted causing the collision and was cited for changing lanes when unsafe to do so.[2]

Plaintiff alleges that the tractor was "owned and entrusted" to Pinto by Transportes Aguila de Ciudad Juarez, S.A. de C.V. ("Transportes Aguila") and TAGL.[3] Plaintiff asserts claims against Pinto for negligence and negligence per se, and she seeks to hold the corporate defendants liable under respondeat superior, negligent hiring, training, and supervision, negligent entrustment, and gross-negligence theories.[4] Plaintiff seeks actual and exemplary damages exceeding $1,000,000.[5]

The Petition alleges that Plaintiff is a resident of El Paso County, Texas; Pinto resides in Ciudad Juarez, Chihuahua, Mexico; Transportes Aguila is a foreign corporation from Ciudad Juarez, Chihuahua, Mexico; and TAGL is a domestic for-profit limited liability company licensed to conduct business in Texas.[6] Plaintiff also alleges that the corporate defendants are a "unified, multi-national freight transportation family" operated by the Villasana family; that Transportes Aguila and TAGL are "affiliated entities in a cross-border logistics partnership"; that they use the Transportes Aguila/TAGL brand; and that they have "a unity of officers, directors and corporate representatives."[7]

Plaintiff filed this action in the 448th Judicial District Court of El Paso County, Texas, on April 1, 2026.[8] Defendants Transportes Aguila and Pinto removed the action on May 8, 2026,

---

[1] ECF No. 1-1 at 13–15.
[2] *Id*. at 14–15.
[3] *Id*. at 13.
[4] *Id*. at 15–21
[5] *Id*. at 22–23.
[6] *Id*. at 10–11.
[7] *Id*. at 11–12.
[8] ECF No. 1 ¶ 8.

asserting diversity jurisdiction under 28 U.S.C. § 1332.[9] The Notice of Removal alleges that Plaintiff is a Texas citizen, Pinto is a citizen of Mexico, Transportes Aguila is a foreign corporation from Mexico, and the amount in controversy exceeds $75,000.[10]

The Notice acknowledges that TAGL is a Texas entity but asserts that TAGL was improperly joined and that its citizenship must be disregarded.[11] Defendants rely on the affidavit of Edgar Villasana attached to the Notice as Exhibit B.[12] Villasana identifies himself as TAGL's "Managing Member" and "authorized representative" and states that he is familiar with TAGL's "business operations, corporate records, lease agreements, and the matters addressed in this Affidavit."[13] The affidavit is signed by Villasana and was sworn before a Texas notary public on May 7, 2026.[14]

Villasana attests that TAGL "did not hire, train, supervise, retain, dispatch, or control" Pinto.[15] He further attests that Pinto "was employed by Transportes Aguila De Ciudad Juarez, S.A. DE C.V., not Transportes Aguila Global Logistics, LLC."[16] According to Villasana, TAGL leased the subject tractor to Transportes Aguila before the accident; Transportes Aguila had possession and operational control of the tractor; and Transportes Aguila was responsible for its operation, drivers, maintenance, and day-to-day operational matters.[17] Villasana also states that TAGL did not dispatch the accident trip; did not control the route, delivery, schedule, or operation of the tractor; did not provide the transportation services being performed at the time of the accident; and

---

[9] *Id.*
[10] *Id.* ¶¶ 10–15, 27.
[11] *Id.* ¶¶ 2, 13, 16–25.
[12] ECF No. 1, Ex. B.
[13] *Id.* at 2–3.
[14] *Id.* at 3.
[15] *Id.* ¶ 3.
[16] *Id.* ¶ 4.
[17] *Id.* ¶¶ 5–8, 13.

did not supervise or control Pinto in connection with the accident trip.[18] Villasana concludes that TAGL had no involvement other than acting as the tractor's lessor.[19] The Notice also attaches a Spanish-language lease agreement as Exhibit B-1.[20]

Plaintiff moved to remand on June 3, 2026, arguing that TAGL's Texas citizenship defeats complete diversity and that Defendants have not carried their burden to establish improper joinder.[21] Plaintiff also objects to Exhibits B and B-1 as untranslated foreign-language documents and requests that they be stricken or excluded.[22] Defendants respond that Exhibit B is an English-language sworn affidavit that independently establishes TAGL's lack of operational involvement; Defendants acknowledge that Exhibit B-1 is in Spanish..[23]

## II. STANDARD

Federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Complete diversity is required, meaning that no plaintiff may share citizenship with any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). A defendant may remove "a civil action brought in a State court" on the basis of diversity jurisdiction as long as "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *ALGC, Inc. v. United States Liab. Ins. Grp.*, No. DR-17-CV-061-AM-VRG, 2018 WL 5733184, at *3 (W.D. Tex. Aug. 17, 2018*), report and recommendation adopted sub nom. ALGC, Inc. v. United States Liab. Ins. Grp.*, No. DR-17-CV-061-AM, 2018 WL 5733155 (W.D. Tex. Sept. 19, 2018)(citing 28 U.S.C. § 1441(a)-(b)). Diversity

[18] *Id*. ¶¶ 9–12.
[19] *Id*. ¶ 14.
[20] ECF No. 1, Ex. B1.
[21] ECF No. 4 at 1–9.
[22] *Id*. at 1–4.
[23] ECF No. 5 at 1–5.

jurisdiction must exist at the time of removal. *Id*. (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996)). "The burden to establish complete diversity and a sufficient amount in controversy lies with the defendant invoking federal diversity jurisdiction." *Id*.; *see Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003). "A district court is obligated to remand an action removed on the purported basis of diversity jurisdiction if the removing defendant does not carry this burden." *Id*.; *see* 28 U.S.C. § 1447(c).

**Improper Joinder**

"The improper joinder doctrine is a 'narrow exception' to the complete diversity requirement and permits a court to disregard the state citizenship of an improperly joined, non-diverse defendant." *Id*. (quoting *McDonal v. Abbott Labs*, 408 F.3d 177, 183 (5th Cir. 2005)). "The [improper] joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Shade Tree Apartments, LLC v. Great Lakes Reinsurance (UK) PLC,* No. A-15-CA-843-SS, 2015 WL 8516595, at *2 (W.D. Tex. Dec. 11, 2015)(quoting *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009)). Improper joinder can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *ALGC,* 2018 WL 5733184, at *4 (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(en banc)).

The inquiry into a plaintiff's ability to establish a cause of action against a non-diverse defendant focuses on whether "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. (quoting *Smallwood*, 385 F.3d at 573). "A 'mere theoretical possibility of recovery under local law'

will not preclude a finding of improper joinder." *Shade Tree Apartments,* 2015 WL 8516595, at *2 (quoting *Smallwood,* 385 F.3d at 573). To determine whether a reasonable basis for recovery exists, courts generally conduct a Rule 12(b)(6)-type analysis, examining the factual allegations in the state petition to decide whether they state a claim under state law against the in-state defendant. *Id*. (quoting *Smallwood,* 385 F.3d at 573). If the plaintiff can survive a Rule 12(b)(6) challenge, there is generally no improper joinder. *Id.*

"Whether a plaintiff has stated a valid state law cause of action 'depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery.'" *ALGC,* 2018 WL 5733184, at *4 (quoting *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999)). To make this determination, courts are "obliged to resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law" in the plaintiff's favor. *Id.* (quoting *Griggs,* 181 F.3d at 699). For the cases "in which a plaintiff has stated a claim but has misstated or omitted discrete facts that would determine the propriety of joinder ... the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id*. (quoting *Smallwood*, 385 F.3d at 573). Generally, "the focus of the inquiry must be on the joinder, not the merits of the [plaintiff's] case," and the "party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Shade Tree Apartments*, 2015 WL 8516595, at *2 (quoting *Smallwood,* 385 F.3d at 573-574).

## III. DISCUSSION

By her initial Motion to Remand, Plaintiff moves to remand the case to state court, alleging that complete diversity is absent because Plaintiff and Defendant Transportes Aguila Global Logistics, LLC, d/b/a TAGL Freight Solutions, TAGL Solutions, and Transportes Aguila

("TAGL"), are Texas citizens.[24] Plaintiff contends that Defendants have not carried their heavy burden to establish that TAGL was improperly joined.[25] Plaintiff further argues that the evidence submitted with the Notice of Removal cannot support the improper-joinder argument because Exhibits B and B-1 were allegedly submitted in Spanish without English translations and therefore should not be considered.[26]

Plaintiff maintains that, absent admissible evidence to the contrary, the Court must accept the Petition's allegations that TAGL and the other corporate defendants are part of a "unified, multi-national freight transportation family," operate as affiliated entities in a cross-border logistics partnership, use a shared Transportes Aguila/TAGL brand, and have "a unity of officers, directors and corporate representatives."[27] Plaintiff also alleges that Pinto was acting within the course and scope of employment for TAGL and the other corporate defendants, and that TAGL was among the entities that owned and entrusted the subject tractor to Pinto.[28]

Plaintiff therefore asserts that she has viable claims against TAGL for respondeat superior, negligent hiring, training, and supervision, and negligent entrustment.[29] On the negligent entrustment claim, Plaintiff argues that Texas law may recognize negligent-entrustment liability against a lessor or other entity with authority to authorize or control vehicle use even in the absence of a traditional employment relationship with the driver.[30] Plaintiff requests that the Court remand the action to the 448th Judicial District Court of El Paso County and award Plaintiff her expenses and attorney's fees incurred as a result of removal.[31]

---

[24] *See* ECF No. 4.
[25] *Id*. at 2–3.
[26] *Id*. at 1–4.
[27] ECF No. 1-1 at 11–12; ECF No. 4 at 4–5.
[28] ECF No. 1-1 at 13, 16–20.
[29] ECF No. 4 at 5–9.
[30] *Id*. at 6–8.
[31] *Id*. at 9–10.

"To assess whether a plaintiff can establish a cause of action against a non-diverse party in state court, the Court conducts a Rule 12(b)(6)-type analysis." *Roddy Tree Ranch Prop. Mgmt., Inc. v. Philadelphia Indem. Ins. Co.*, No. SA-22-CV-710-FB, 2022 WL 17815928, at *2 (W.D. Tex. Oct. 24, 2022), *report and recommendation adopted sub nom. Roddy Tree Ranch Prop. Mgmt., Inc. v. Philadelphia Indem. Ins. Co.,* No. CV SA-22-CA-710-FB, 2022 WL 17815925 (W.D. Tex. Nov. 9, 2022)(citing *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016)). Therefore, to find that TAGL is improperly joined, the Court must conclude that there is no reasonable basis for the Court to predict that the Plaintiff might be able to recover against them. *Id*. (citing *Smallwood*, 385 F.3d at 573). Although the improper-joinder inquiry ordinarily proceeds through a Rule 12(b)(6)-type analysis of the state-court petition, the Court may pierce the pleadings and consider summary-judgment-type evidence when the propriety of joinder turns on discrete facts that would determine whether the nondiverse defendant has a connection to the claims asserted. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004) (en banc); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). That limited inquiry must remain focused on jurisdiction and may not become a premature adjudication of the merits.

Here, the relevant questions are narrow: whether TAGL employed or exercised a right of control over Pinto; whether TAGL dispatched, directed, or supervised the accident trip; whether TAGL retained possession or operational control of the tractor; and whether TAGL itself authorized Pinto's use of the tractor or possessed information bearing on his alleged incompetence. Those are discrete facts bearing on whether Plaintiff has a reasonable basis to recover from TAGL under the claims actually pleaded. The Court therefore may consider competent evidence directed to those facts while resolving contested factual issues and legal ambiguities in Plaintiff's favor.

### A. The Court may consider the Villasana affidavit but need not rely on the untranslated lease.

Plaintiff objects that the removal exhibits are foreign-language documents submitted without English translations.[32] Plaintiff's objection is not well taken as to Exhibit B. Exhibit B is an English-language affidavit. Villasana identifies his role as TAGL's managing member and authorized representative, states his familiarity with TAGL's business operations and records, signs the affidavit, and swears to it before a Texas notary public.[33] Further, "a federal court may consider 'summary judgment-type evidence such as affidavits and deposition testimony' when reviewing a fraudulent joinder claim." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999).

With this in mind, we will consider Villasana's affidavit for purposes of determining whether there is any reasonable basis for predicting that Plaintiff might be able to establish TAGL's liability on the pleaded state court claims and exclude exhibit B-1 from the analysis. *Id*. This inquiry does not resolve the ultimate merits of Plaintiff's claims against Pinto, Transportes Aguila, or TAGL. *Id*. The Petition alleges collectively that all corporate defendants employed Pinto; that all corporate defendants had duties to hire, train, and supervise him; and that all corporate defendants owned, controlled, and entrusted the tractor to him.[34] It also alleges that the corporate defendants were affiliated members of a unified cross-border freight business.[35]

The identity of Pinto's employer and the entity that possessed, operated, maintained, dispatched, supervised, and controlled the subject tractor and accident trip are discrete facts relevant to whether TAGL was properly joined. The Villasana affidavit addresses those facts

[32] ECF No. 4 at 1–4.
[33] ECF No. 1-2 at 1–2.
[34] ECF No. 1-1 at 13, 16–20.
[35] *Id*. at 11–12.

directly.[36] Plaintiff has not submitted contrary jurisdictional evidence, such as a declaration, a dispatch record, a driver-qualification record, a trip record, an insurance record, or a contractual provision indicating that TAGL hired, trained, supervised, dispatched, or controlled Pinto or retained operational control over the tractor or the accident trip.[37]

The Court will recommend the exclusion of Exhibit B-1, the Spanish-language lease agreement. *See Unified Buddhist Church of Vietnam v. Unified Buddhist Church of Vietnam,* 838 F. App'x 809, 813 (5th Cir. 2020)(citing *United States v. Valdivia*, 680 F.3d 33, 45 (1st Cir. 2012)("holding that foreign-language documents presented to federal courts must typically be translated to English in order to be considered by the court.")). Defendants concede the lease was filed without an English translation.[38] The Court does not rely on the lease to resolve the Motion. The Villasana affidavit independently identifies the discrete facts relevant to TAGL's alleged relationship with Pinto, the tractor, and the accident trip.[39]

### B. Plaintiff's alter ego and single business enterprise theories are not well-supported to establish Plaintiff has a reasonable basis to recover from TAGL on respondeat superior, gross negligence, or negligent hiring, training, retention, and supervision claims.

Plaintiff states an "alter ego or single business enterprise" theory in support of including TAGL as a defendant in their claims.[40] Plaintiff alleges that TAGL and Transportes Aguila are a "unified, multi-national freight transportation family" operated by the Villasana family, are affiliated in a cross-border logistics partnership, use a shared brand, and have "a unity of officers, directors and corporate representatives."[41] These allegations may support an inference that TAGL

---

[36] ECF No. 1-2 ¶¶ 3–14.
[37] *See* ECF No. 4.
[38] ECF No. 5 at 4–5.
[39] ECF No. 1-2 ¶¶ 3–14.
[40] ECF No. 4 at 4-5.
[41] ECF No. 1-1 at 11–12.

and Transportes Aguila have a business relationship. The affidavit itself identifies a lessor-lessee relationship between them.[42]

However, a business relationship is not itself a basis for liability. Texas does not recognize single business enterprise as a free-standing theory that permits liability to be imposed merely because affiliated entities coordinate operations, share resources, or pursue a common business purpose. *See SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 455 (Tex. 2008). Texas law recognizes the alter ego doctrine which allows the imposition of liability on a corporation for the acts of another corporation when the subject corporation is organized or operated as a mere tool or business conduit. *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 593 (5th Cir. 1999).

Plaintiff's affiliation allegations may describe a business relationship, but they do not, as pleaded, establish a recognized basis to impose one entity's tort liability on another. The Petition does not allege TAGL-specific facts showing misuse of the corporate form, such as commingling, diversion of assets, failure to observe separateness, use of TAGL as a mere conduit, or another basis to disregard entity separateness. Nor does it allege facts showing TAGL's equal right of control over the relevant transportation enterprise. On this jurisdictional record, those generalized affiliation allegations do not provide a reasonable basis to predict recovery against TAGL. Nor does the Petition allege TAGL-specific operational facts that overcome the Villasana affidavit's statements concerning the subject driver, tractor, and trip.

The affiliation allegations pleaded do not support an alter ego or single business enterprise theory of tort liability and therefore do not adequately establish a reasonable basis to recover against TAGL for these claims. The undersigned does not find that TAGL and Transportes Aguila

---

[42] ECF No. 1-2 ¶¶ 5, 14.

are unrelated. Rather, the Court concludes only that Plaintiff has not pleaded or supported a legally sufficient basis, on the jurisdictional record presently before the Court, to impose Transportes Aguila's alleged tort liability on TAGL.

**C. Plaintiff has no reasonable basis to recover from TAGL for negligent entrustment.**

In a negligent entrustment action, the plaintiff must show: (1) entrustment of the vehicle by its owner or custodian, (2) to an incompetent driver, (3) that the owner knew or should have known was unlicensed, incompetent, or reckless, (4) that the driver was negligent, and (5) the driver's negligence proximately caused the accident. *McDorman ex rel. Connelly v. Texas-Cola Leasing Co. LP, LLP*, 288 F. Supp. 2d 796, 806 (N.D. Tex. 2003)(citing *Schneider v. Esperanza Transmission Company,* 744 S.W.2d 595, 596 (Tex.1987)). Further, a negligent entrustment claim "does not require an employment relationship." *Mudge v. Riverside Transportation, Inc.*, No. 2:23-CV-159-BR, 2025 WL 1931946, at *8 (N.D. Tex. July 14, 2025).

Here, Plaintiff separately alleges that all corporate defendants owned and controlled the tractor, entrusted it to Pinto, and knew or should have known he was unfit, incompetent, reckless, or unskilled.[43] Plaintiff notes that a negligent-entrustment claim does not categorically require a conventional employment relationship. However, cases offered in support by Plaintiff highlight it is the direct control and knowledge of an entrustor that is relevant to the analysis, and do not support remand. For example, in *Garcia v. Cross,* the court found a non-owner's direct control in entrusting a vehicle to a friend, who later caused the injury at issue, prevented the non-owner from being insulated from liability for negligent entrustment. 27 S.W.3d 152, 155 (Tex. App. 2000). Additionally, in *Rodriguez v. Sciano*, the court emphasized that, "knowledge of the driver's incompetency *at the time of the entrustment* is an essential element to establish negligence." 18

[43] ECF No. 1-1 at 13, 19–20.

S.W.3d 725, 728 (Tex. App. 2000)(citing *Monroe v. Grider, 884 S.W.2d 811, S.W.2d815 (Tex. App. 1994), writ denied (Feb. 2, 1995))*.

The Petition alleges no TAGL-specific facts showing that TAGL authorized Pinto to use the tractor, retained authority to approve or remove drivers, had information concerning Pinto's qualifications or driving history, maintained driver-safety records, controlled the tractor's maintenance, or possessed dispatch or operational authority over the accident trip. There are no facts asserted in the Petition that establish TAGL had knowledge of any driver incompetency at the time of entrusting the truck to Transportes Aguila. Instead, the Petition alleges collectively that the corporate defendants owned, controlled, and entrusted the tractor.[44]

In contrast, Villasana states that TAGL leased the tractor to Transportes Aguila; that Transportes Aguila had possession and operational control of the tractor; and that Transportes Aguila was responsible for its operation, drivers, maintenance, and day-to-day operational matters.[45] Villasana further states that TAGL did not hire, train, supervise, retain, dispatch, or control Pinto and did not dispatch or control the accident trip.[46]

The Court does not rely on the untranslated lease itself. The affidavit instead independently establishes the jurisdictionally relevant facts. Those facts are consistent with *Marr v. Croxton*, in which the Western District of Texas held that a lessor's act of leasing a vehicle, without more, could not support a negligence claim when the lessee held the pertinent operational and maintenance responsibilities. 2022 WL 2161059, at *8–10 (W.D. Tex. June 14, 2022). They also accord with *McDorman ex rel. Connelly v. Texas-Cola Leasing Co.*, which rejected negligent-entrustment and related theories against an owner-lessor when the lessee employed the driver and

[44] *Id*.
[45] ECF No. 1-2 ¶¶ 5–8, 13.
[46] *Id*. ¶¶ 3, 9–12.

exercised possession, maintenance responsibility, and operational control over the vehicle. 288 F. Supp. 2d 796, 802–03 (N.D. Tex. 2003).

Neither *Marr* nor *McDorman* creates a categorical rule immunizing every owner-lessor. But Plaintiff has not alleged or identified facts supporting a reasonable inference that TAGL retained the authority, control, direct involvement, or knowledge necessary to support negligent entrustment. Even assuming TAGL owned the tractor and leased it to Transportes Aguila, ownership and leasing alone do not establish that TAGL entrusted the tractor to Pinto, retained a right to approve or remove drivers, possessed operational control over the accident trip, or knew or should have known that Pinto was incompetent or reckless. The affidavit negates those discrete connections, and Plaintiff supplies no contrary jurisdictional facts. Plaintiff therefore has no reasonable basis to recover from TAGL for negligent entrustment on the present record.

**D. TAGL was improperly joined; the Court has diversity jurisdiction.**

Plaintiff's claims against TAGL depend on the proposition that TAGL employed or controlled Pinto, entrusted the tractor to him, supervised the transportation operation, or may be held responsible for Transportes Aguila's conduct because of the companies' affiliation. The Petition alleges those propositions collectively and without TAGL-specific supporting factual allegations. The Villasana affidavit addresses discrete facts establishing that TAGL did not employ, hire, train, retain, supervise, dispatch, or control Pinto; did not control the subject trip; and leased the tractor to Transportes Aguila, which allegedly possessed and operated it, supplied drivers, and maintained it.[47] Plaintiff has identified no contrary jurisdictional evidence.

Defendants have thus carried their burden to establish there is no reasonable basis to predict recovery against TAGL under Plaintiff's pleaded theories. TAGL was improperly joined, and its

---

[47] ECF No. 1-2 ¶¶ 3–14.

citizenship must be disregarded for purposes of diversity jurisdiction. *See Smallwood*, 385 F.3d at 573. With TAGL disregarded, the Notice adequately alleges diversity between Plaintiff and the remaining properly joined defendants, and the amount in controversy exceeds $75,000.[48] The Court therefore has subject-matter jurisdiction under 28 U.S.C. § 1332.

When a court finds a nondiverse defendant was improperly joined, the proper disposition is dismissal of that defendant without prejudice. *See Int'l Energy Ventures*, 818 F.3d at 209–10. TAGL should therefore be dismissed without prejudice.

**E. Plaintiff's request for costs and attorney's fees should be denied.**

Plaintiff requests costs and attorney's fees under 28 U.S.C. § 1447(c).[49] Because remand should be denied, Plaintiff is not entitled to fees under § 1447(c). In any event, absent unusual circumstances, fees are not warranted where the removing party had an objectively reasonable basis for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The contemporaneously filed Villasana affidavit provided an objectively reasonable basis to invoke improper joinder, even though the Court does not rely on the untranslated lease.[50] Accordingly, Plaintiff's request for attorney's fees and costs is **DENIED**.

## IV. CONCLUSION and RECOMMENDATION

For all these reasons, the Court hereby recommends that Plaintiff's Motion to Remand (ECF No. 4) be **DENIED** and that Defendant TAGL be **DISMISSED without prejudice**. *See ALGC*, 2018 WL 5733184, at *9 (citing *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209–10 (5th Cir. 2016)). The Court additionally recommends the Plaintiff's request to strike Exhibit B-1, a foreign language document, be **GRANTED**.

---

[48] ECF No. 1 ¶¶ 10–15, 27.
[49] ECF No. 4 at 9.
[50] ECF No. 1-2.

**So RECOMMENDED and SIGNED this 18th day of September 2026.**

**LAURA ENRIQUEZ**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**